THE STATE ex rel. TEXAS COUNTY, Appellant, v. WHITE et al.

Division Two, November 28, 1899.

1. Appeals: SUIT ON RECORDER'S BOND. The Supreme Court has jurisdiction of an appeal in a suit by a county on the bond of a recorder of deeds for fees collected by him in excess of those allowed by law.

2. Recorder: SUIT ON BOND. The sureties on the bond of a recorder or one who is circuit clerk and *ex officio* recorder, are not liable for fees collected by him as recorder in excess of those allowed him by law. The law devolves upon him as clerk to report all fees received by him in every capacity, and makes the sureties on his bond as clerk responsible for any fees unlawfully appropriated by him.

*Appeal from Texas Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

JOHN H. SANKS, JOHN D. YOUNG and ROBERT LAMAR for appellant.

The bond of each office must certainly stand good for the principal's defeasance in that particular capacity. The bond the clerk gives as *ex officio* recorder is conditioned the

same as when the office of the recorder is separate. R. S. 1889, sec, 7447. He is required in both instances to account for surplus fees. What reason could there be, because in one case he also fills the office of clerk, of saying there is no liability on the recorder's bond?

HINES & WOODSIDE for respondents.

(1) The clerk is required to make the report (sec. 5009); the clerk is allowed the salary (sec. 5010); and if default is made in the payment of the fees suit shall be brought on the bond of the clerk. Laws 1891, p. 154, sec. 5011. (2) Section 5010 provides, if the clerk of the county court is recorder, an additional allowance shall be given him of five hundred dollars, but there is no provision in said section for any remuneration whatever where the circuit clerk is recorder, and the statute does not pretend to fix any limitation upon the salary of the recorder. It simply provides that the clerk shall retain a certain amount, which could only apply to his fees as clerk, and the only provision in regard to the recorder whatever, is found in section 5009, which simply requires the clerk to include in his statement the fees received by him as recorder. (3) Section 5000, page 150, acts 1891, fixes the fees of recorders, and there being no provision limiting recorders to a less amount, he is entitled to retain them all, and his circuit clerk's bond would not be liable for anything for failure to include them in his report; but at all events, the chapter concerning fees not requiring any act of the recorder, and directly specifying that suits should be instituted against the bond of the clerk for any failure, the bond sued on can not be held liable for any sum whatever, even if it was intended as the money bond, which it clearly was not.

GANTT, P. J.—This is an action on the bond of C. W. White as recorder of Texas county in this State, for fees al-

leged to have been collected by him in excess of those allowed him by law and not turned over to the county treasury.

There was a demurrer to the evidence on the ground that the bond sued on was not one conditioned for the payment of money or fees collected, and no law required such bond. The demurrer to the evidence was sustained, and plaintiff appeals.

The jurisdiction of this court on appeal is sustained by the fact that a county is a party to the action. The sole point for decision is the propriety of sustaining the demurrer.

The petition avers that at a general election held in Texas county on November 4, 1890, the defendant White was elected clerk of the circuit court and *ex officio* recorder of deeds for said county for a term of four years; that he received his certificate and duly took the oath of office and afterwards, on November 24, 1890, said defendant White as principal and his codefendants as his sureties duly executed a bond conditioned that "if said White should faithfully perform all the duties enjoined on him by law as recorder and for the delivery up of the records, books, papers, writings, seals, furniture and apparatus belonging to the office, whole, safe and undefaced to his successor, then this obligation to be void, otherwise remain in full force and effect."

This bond was approved November 25, 1890, by the judge of the circuit court, and on January 5, 1891, said White entered upon the duties of said office and continued up to and including February 21, 1894.

For breaches of said bond plaintiff states that said White as *ex officio* recorder has not accounted for and paid over all moneys that came into his hands by virtue of said office in this, that he made what purported to be his quarterly abstract of fees for 1891 in which he reported a sum sufficient to pay his salary allowed by law, and $304.91 in addition thereto which he claimed he had paid out as deputy hire, which was allowed and approved by the county court—whereas in fact he

collected and earned as recorder $495.50 in excess of the fees he reported which excess he has at all times failed and refused to pay over and account for as required by law; that in 1892, he reported fees to the amount of his lawful salary, and $108 in excess which he asked for deputy hire, which settlement was approved by the court, and in addition thereto he reported $192.20 which he paid into the treasury, whereas plaintiff avers that he collected as fees $910.65 which he did not report, and has failed and refused to account for; that in 1893, he collected $574.60 over and above his salary and deputy hire which he has not reported and paid over, and in the first quarter of 1894 he collected $21.10 over and above his salary and deputy hire for which he never accounted.

The answer was a general denial, and a further answer that at the time said White was elected there was no law in force in Missouri requiring defendant to execute or give bond as recorder or to pay over or account to Texas county for any fees whatever.

The cause was tried November 16th, 1895. The evidence tended to prove all the allegations of the petition, and thereupon at the close of plaintiff's case, the court gave an instruction to the effect that plaintiff could not recover because said White and his said bondsmen were not liable to Texas county for any fees collected by him as recorder, and that chapter 64, Revised Statutes 1889, was invalid, not having been lawfully enacted by the General Assembly and there was no law in force at the time said bond was executed requiring said White to account for any fees as recorder whatever.

To this instruction plaintiff duly objected and excepted, and thereupon took a nonsuit with leave to move to set the same aside. The court having refused to set aside the nonsuit, plaintiff appeals.

I.   Prior to the year 1868, no law of this State required circuit court clerks to make a statement showing the amount of fees earned in each year.   [Laws 1868, p. 54.]

Prior to 1874 no law required a clerk who was *ex officio* recorder of deeds to include in his statement all fees received by him as recorder.    [Laws 1874, p. 63.]

Chapter 64, Revised Statutes 1889, which made it the duty of circuit clerks who were *ex officio* recorders to report fees collected by them as recorders, was subsequently, to wit, in 1891, declared unconstitutional by the General Assembly, because it had not been adopted in conformity to the Constitution, and a new act adopted in its stead.    [Laws 1891, sec. 54, p. 158.]

The office of recorder while a distinct office from that of circuit clerk, may be filled by the clerk.

The bond required of the recorder simply requires that he shall faithfully perform the duties of his office for delivering up the books, etc., to his successor.    [Sec. 7425, R. S. 1889.]

There is a marked distinction in the obligations of the two bonds, and it can not be said that the General Assembly did not understand the difference between the two.    While the liability of the clerk was dual, the Legislature in its wisdom saw fit to impose the duty reporting all fees and paying over all excess upon him as clerk and followed it up in section 32, p. 154, Laws 1891, by providing that if he failed to do his duty in this respect suit should be brought on his bond as clerk.

Counsel for the county pertinently inquires, what reason could exist why a recorder who is elected solely as recorder should be required to account for all fees as provided in section 7450 and 7447, and not when he is *ex officio* recorder? We answer that this rested entirely in the wisdom of the Legislature, and it saw fit to cast the duty and responsibility upon the clerk and his bondsmen when he is *ex officio* recorder, and it is not for this court to extend the liabilities of sureties beyond the strict letter of their contract.

Because the law did devolve upon the clerk to report all fees and made his bondsmen as clerk responsible for his breach,

and not his bondsmen as *ex officio* recorder, it must be held no action lies against his sureties as recorder and the judgment is affirmed.

BURGESS, J., concurs; SHERWOOD, J., absent.